UNITED STATES BANKRUPTCY COURT
                  FOR THE NORTHERN DISTRICT OF IOWA


IN RE:                            )
                                  )      Chapter 13
CHAD A. COOKINHAM and             )
LATASHA M. COOKINHAM,             )
                                  )      Bankruptcy No. 06-01033
      Debtors.                    )


              **ORDER RE: FIRST APPLICATION FOR ALLOWANCE OF**
                    **ATTORNEY'S FEES AND EXPENSES**

   This matter came before the undersigned on March 14, 2007 pursuant to assignment. Janet K. Hong appeared as attorney for Debtors Chad and LaTasha Cookinham. Carol F. Dunbar appeared as Chapter 13 Trustee. After hearing arguments of counsel, the Court took the matter under advisement. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A).

                       **STATEMENT OF THE CASE**

   Attorney Hong requests compensation through Debtors' Chapter 13 Plan for services rendered as Debtors' attorney in this case. She requests $3,450 in fees and $303.14 for expenses. She is holding $1,267 in trust for Debtors and asks the Court to order payment of $2,576.14 through the Plan.

   Trustee filed an objection to the Application for compensation, which she has since withdrawn. Trustee objected to a $160 charge from November 2, 2006. Ms. Hong has agreed to reduce the fees requested by this amount. Trustee also noted that the plan will not be feasible if the Application is approved.

   Debtors' plan was confirmed on January 25, 2007. It provides for minimal payment to unsecured creditors. At the time of confirmation, Trustee estimated that unsecured creditors would be paid approximately 6.6% of their claims. A mortgage arrearage claim, however, is larger than initially anticipated. With that alteration and the additional attorney fees requested, plan payments are insufficient to pay all arrearages and priority claims in full and unsecured creditors will get nothing. The parties indicate that this feasibility problem may be resolved with disposable income from the 2006 income tax refunds. If not, Debtors will need to amend the plan to increase plan payments. Trustee's response to the fee application states that if the plan

fails to pay arrearages and priority payments in full, she will file a motion to dismiss.

At the hearing, Ms. Hong stated that Debtors filed for bankruptcy relief in order to save their house. Because of this, the case involved more work than an ordinary Chapter 13 case. The Court notes that Ms. Hong's statement of services does not include any entries which relate to the mortgage. The docket sheet, however, shows Wells Fargo Bank filed a motion for relief from the automatic stay on December 14, 2006, which was resolved by a consent order entered February 6, 2007. Ms. Hong's statement of services is dated December 11, 2006. Ms. Hong explained at the hearing that the fact that Debtors were trying to save their home from foreclosure made the case more difficult, even though her services didn't include negotiations with the secured creditor.

## CONCLUSIONS OF LAW

The bankruptcy court has broad power and discretion to award or deny attorney fees, and, indeed, a duty to examine them for reasonableness. In re Clark, 223 F.3d 859, 863 (8th Cir. 2000) (considering fees for Chapter 13 attorneys). "The burden is on the attorney to prove that the agreed compensation is reasonable." Id. Section 330 governs the allowance of attorneys' fees and permits the court, on its own motion or on the motion of a trustee or other party in interest, to award compensation that is less than the amount requested. In re Peterson, 251 B.R. 359, 363 (B.A.P. 8th Cir. 2000). Section 330(a)(4)(B) provides that in a Chapter 13 case in which the debtor is an individual, "the court may allow reasonable compensation to the debtor's attorney for representing the interests of the debtor in connection with the bankruptcy case based on a consideration of the benefit and necessity of such services to the debtor and the other factors set forth in this section." Id. at 364; see also In re Sherrets, 2006 WL 1806351, *1-3 (Bankr. N.D. Iowa July 27, 2006).

Pursuant to Local Rule 2016-1(b), Compensation of Professionals, Attorney for Debtor - Chapter 13:

> The attorney for debtor in a chapter 13 case is excused from the application requirements of Fed. R. Bankr. P 2016(a) and the notice requirement of Fed. R. Bankr. P. 2002(a)(6) if the request for compensation is less than the base amount established by the court at the time of confirmation of the plan. The base amount figure is

>available from the clerk and applies to all attorney
>compensation through the first confirmation of a plan.

For Chapter 13 cases that were filed between August 10, 1998 and December 31, 2003, the base fee amount was $1001.00. For Chapter 13 cases filed between January 1, 2004 and December 31, 2005, the base fee amount was $1251.00. Effective March 7, 2006, the base amount established by the court for compensation in Chapter 13 cases has increased to $1751.00. This base amount applies retroactively to all cases filed on or after January 1, 2006.

The base fee amount is presumptively acceptable without the need for formal application and notice under Rule 2016(a) and 2002(a)(6). Generally, the base amount is considered sufficient to compensate for basic services rendered by debtors' attorneys in Chapter 13 cases. In re Lund, No. 00-01683, slip op. at 2 (Bankr. N.D. Iowa Dec. 2, 2003). These include counseling the debtors; preparing and filing the petition, schedules and plan; attending the creditors' meeting and the confirmation hearing; reviewing claims; and filing amendments and motions. Id.

If Chapter 13 debtors' attorneys seek fees which exceed the presumptively acceptable base amount, the requirements of §330(a) and Federal Rule of Bankruptcy Procedure 2016 must be followed. Id.; IANB Local Rule 2016-1(b). This requires the application of the conventional lodestar analysis. In re McKeeman, 236 B.R. 667, 671 (B.A.P. 8th Cir. 1999). The lodestar amount is the number of hours reasonably expended multiplied by a reasonable hourly rate. In re Apex Oil Co., 960 F.2d 728, 732 (8th Cir. 1992). The lodestar amount ordinarily reflects and includes issues such as: "(1) the novelty and complexity of the issues, (2) the special skill and experience of counsel, (3) the quality of representation, and (4) the results obtained." Id. "When a bankruptcy court determines that a case presents routine Chapter 13 matters, the court may review the fees requested in light of fees typically charged, and may reduce the requested fees accordingly." McKeeman, 236 B.R. at 672.

## ANALYSIS

Applying the foregoing standards, the Court finds that Attorney Hong has failed to prove that the fees requested are reasonable in this Chapter 13 case. Neither the statement of services attached to the fee application nor Ms. Hong's statements at the hearing support a characterization that this case is unique.

    Ms. Hong spent time on basic services for Debtors.  This Court has determined that the base amount of $1.750 is presumptively reasonable compensation for Chapter 13 debtors' attorneys.  Ms. Hong has not met her burden to prove fees requested of $3,540 are warranted based on the lodestar factors.  The issues in this case are not novel or complex.  The Court is satisfied with Ms. Hong's skill and experience and the quality of her representation of Debtors.  From a creditor's perspective, the result obtained is minimal payout through Debtors' plan.  From Debtors' perspective, the result obtained is keeping their home.  Regardless of the perspective used, the Court concludes that the fees requested Ms. Hong are not reasonable.  The Court will approve compensation to Attorney Hong of $1,750 fees and $303.14 expenses.  To the extent these amounts are not payable from the amount Ms. Hong is holding in trust for Debtors, the remainder shall be paid through Debtors' Chapter 13 plan.

    **WHEREFORE**, the First Application for Allowance of Attorney's Fees and Expenses is GRANTED IN PART and DENIED IN PART.

    **FURTHER**, Attorney Janet Hong is granted fees of $1,750 and expenses of $303.14 for compensation for services rendered as attorney for Debtors.

    **FURTHER**, Ms. Hong may pay her allowed fees and expenses from the amount she holds in trust for Debtors.  The remainder of her fees shall be paid through Debtors' Chapter 13 plan.

    DATED AND ENTERED: March 29, 2007

_____
PAUL J. KILBURG
U.S. BANKRUPTCY JUDGE